```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

RICKEY L. KING,

       Plaintiff,

vs.                                    Case No. 3:04-cv-1098-J-HTS

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,[1]

       Defendant.

_____

## OPINION AND ORDER[2]

### I. Status

Rickey L. King is appealing the Social Security Administration's denial of his claim for Disability Insurance Benefits and Supplemental Security Income. His alleged inability to work is based on problems with the right knee, back, and spine. Transcript of Administrative Proceedings (Tr.) at 219. Plaintiff was found not disabled by Administrative Law Judge (ALJ) John D.

---

    [1] Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue, Commissioner of Social Security, is substituted as Defendant herein.

    [2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #23).

Thompson, Jr., in a Decision entered on March 10, 2006. Tr. at 10, 21, 22 (Finding 13). Mr. King has exhausted the available administrative remedies and the case is properly before the Court.

Plaintiff argues "the ALJ violated the 11th Circuit pain standard[.]" Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. #20; Memorandum) at 1, 10 (emphasis and capitalization omitted). He contends "ALJ Thompson explicitly rejected [his] credibility with no evidentiary basis for doing so[,]" *id.* at 10, and "failed to give adequate reasons as to why he discredited [Plaintiff's] pain testimony." *Id.* at 16.

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if . . . supported by 'substantial evidence[.]'" *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th

---

[3] "Disability" is defined in the Social Security Act as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Despite the existence of support in the record, the ALJ's determination may not be insulated from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

Claimant urges the ALJ "failed to give adequate reasons as to why he discredited [the] pain testimony." Memorandum at 16; *see also id.* at 10. According to Mr. King, "[t]he objective evidence in this case overwhelming[ly] supports [his] pain testimony." *Id.* at 18.

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" 20 C.F.R. §§ 404.1545(e); 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated). "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561.

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence. If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility." *Marbury*, 957 F.2d at 839 (citation omitted). "Failure to articulate the reasons for discrediting subjective [pain] testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam).

The judge described the pain standard and acknowledged the dictates of the regulations and SSR 96-7p. *See* Tr. at 16. He then explained, in part, as follows:

> The claimant's testimony of disabling limitations is not corroborated by the existence of an objective abnormality that could reasonably be expected to cause the claimant's alleged limitations or by his statements to treating sources. The claimant's medial meniscus tear was repaired with surgery and he has not had any treatment for the alleged knee pain since early 2002. At that time, his physical examination revealed good strength and tone, no atrophy and a full range of motion of both knees. On August 14, 2003, the claimant's physician at the VAMC reported that the claimant had displayed a normal gait and that all of his joints were within full range of motion with no pain or contractures and no atrophy. Although he has degenerative disc disease in the lumbar spine, the records from the VAMC reveal no abnormal spinal curvature, no gait deficit, no spinal tenderness, myalgia, arthralgia, muscle weakness or neck or back pain. On October 1, 2003, the claimant reported that he had been suffering from "tailbone" pain, but that it was not debilitating. On October 15, 2003 and May 5, 2004, the claimant presented ambulating without assistance. On May 11, 2005, the claimant's neurological evaluation revealed no focal weakness and 5/5 strength bilaterally.

*Id.* (citations to record omitted).

Aside from finding the claimed limitations are insufficiently supported by an objective abnormality, the ALJ offered five additional reasons for refusing to fully credit Plaintiff's subjective complaints. He concluded that Mr. King's "testimony about his restrictions is inconsistent with his demonstrated abilities during the FCE and with his reports to the FCE examiner[,]" and that his allegations pertaining to "his activity level [are] inconsistent with his reports to the VAMC treating

sources and . . . inconsistent with the level of activity recommended by the VAMC treating sources[.]" *Id.* Further, the judge determined "the claimant's testimony about his back and knee pain is inconsistent with the fact that he sought only sporadic treatment for these conditions and the fact that no treating or examining source has precluded him from working[.]" *Id.* Finally, Plaintiff's failure "to follow medical advice to lose weight" was set forth, and the judge reasoned his unsupported "testimony about his educational level and his ability to read . . . establishes that the claimant is not necessarily a reliable source of factual infor[m]ation[.]" *Id.* Each of the five items quoted above are then discussed in greater detail by the ALJ. *See id.* at 17-18.[4]

Claimant cites to six documents in the record to support his allegations of disabling pain. *See* Memorandum at 11-12, 15. These consist of a report relating to a right knee MRI performed April 3, 2000, Tr. at 281-82; an office note from Dr. Gary A. Newcomer dated April 21, 2000, *id.* at 278; a pulmonary function consultation sheet

---

[4] Because Plaintiff has not specifically challenged these additional reasons, the Court will not further discuss them. Several documents of record are referenced, apparently to imply those pieces of evidence demonstrate the erroneousness of the ALJ's decision not to fully credit Mr. King's testimony. *See* Memorandum at 11-12, 15. The Court will endeavor to ascertain whether the records mentioned by Claimant show the judge erred in not entirely accepting his "testimony with regard to the level of pain he is experiencing." *Id.* at 10. However, the Court need not take upon itself the responsibility of attempting to develop lines of argument that counsel has omitted from his brief. *See, e.g., Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) (issues presented in perfunctory manner deemed waived); *Gutierrez v. Barnhart*, 109 F. App'x 321, 324 (10th Cir. 2004) (arguments must be articulated with specificity to be raised adequately); *Schneider v. Barnhart*, No. 06-63-B-W, 2006 WL 3519311, at *3 (D. Me. Dec. 6, 2006); *Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004) (citing *Schoenfeld v. Apfel,* 237 F.3d 788, 793 (7th Cir. 2001); *Setian v. Apfel*, 110 F. Supp. 2d 24, 27 (D. Mass. 2000).

from August 22, 2001, *id.* at 342-44; documentation concerning an October 29, 2003, lumbar spine MRI, *id.* at 418-19; a Problem List printed on September 15, 2005, *id.* at 420-21; and an office note from Dr. Rigoberto Puente-Guzman dated October 29, 2001. *Id.* at 311. The medical evidence, Plaintiff contends, reveals his "chronic low back and knee impairments along with chronic asthma/COPD." Memorandum at 10 (capitalization omitted).

Concerning his knee, Mr. King points to three records that purportedly contradict the ALJ's analysis. *See id.* at 11, 15. However, these documents are all dated prior to 2002. Tr. at 281-82 (April 3, 2000), 278 (April 21, 2000), 311 (October 29, 2001). Thus, it is unclear how they undermine the ALJ's finding that Claimant was not fully credible with respect to his allegations of disabling knee pain insofar as he had not received treatment for it since 2002. Consistent with the ALJ's discussion, there is no indication in the record of any treatment received by Claimant since 2002 for his knee.[5] *Cf. id.* at 59-60 (testimony admitting had received no treatment for knee since stopped seeing Dr. Puente-Guzman), 82-83 (no treatment of knee through VA). *But cf. id.* at 499-503 (psychiatric assessment dated July 18, 2005, disclosing

---

[5] The Court does not mean to suggest the records from prior to 2003 are irrelevant to the question of disability. Rather, the lack of ongoing treatment tends to impugn Claimant's credibility, as he testified in 2005 he was still experiencing knee pain multiple times per week, limiting his ability to stand and walk. *Id.* at 76; *see also id.* at 77 (knee subject to locking up).

Plaintiff's report of stabbing knee pain; no related findings made or treatment advised).

Even prior to 2002, and despite Claimant's allegations of knee pain, Dr. Puente-Guzman opined "[r]egarding the limitations of his right knee, he may continue with full time, light duty restrictions and avoidance of kneeling, squatting, climbing, crawling, long distance ambulation, running or jogging." *Id.* at 317; *see also id.* at 315, 323. Furthermore, although up to 2002, Plaintiff apparently used a cane, *see, e.g., id.* at 275, 276, 277, 278, 279, 280, 283, 311, 316, 321, 323, 329; *see also id.* at 289, 309 ("carries a cane"), references to canes or like devices largely disappear after that point. To the contrary, he is described on several occasions as walking unassisted or with a normal gait. *See, e.g., id.* at 366, 523, 538, 545, 560, 584; *see also id.* at 534 ("Patient states [he] regularly exercise[s] by walking."), 595 ("He walks to [his] mother's house once or twice a day (4 block round trip)[.]") (capitalization omitted). *But cf. id.* at 77, 88 (Claimant carrying a cane at administrative hearing but reporting significantly less pain in knee than at time of injury), 89 (blocks previously walked to mother's house described as smaller than city blocks). Finally, the problem list cited by Claimant, which appears to be a summary of his conditions and not an independent assessment, does not list the knee as an active problem. *See id.* at 420-21. Therefore, it is concluded the ALJ's rejection of Mr.

King's complaints of disabling knee pain is supported by substantial evidence.

With respect to Plaintiff's back pain, the ALJ determined that "[a]lthough he has degenerative disc disease in the lumbar spine," his claims of debilitating pain are not sufficiently substantiated. *Id.* at 16. Claimant maintains an MRI of the lumbar spine from October 29, 2003, and a Return Office Visit record from October 29, 2001, contradict the judge's assessment. Memorandum at 12, 15. The ALJ did consider the referenced MRI in the course of summarizing Claimant's back problems. *See* Tr. at 12. He noted, though, that "[a]fter receiving the October 29, 2003 results, sources at the VAMC referred the claimant to a neurosurgeon[.] Yet, there is no documentation that the claimant pursued this referral and no documentation establishing that any treating or examining source advised back surgery, or recommended additional diagnostic testing." *Id.; see also id.* at 540, 550 (complaints of non-debilitating pain in the tailbone).

The October 2001 office note from Dr. Puente-Guzman likewise fails to establish error by the ALJ. In that document, the physician acknowledged "cervical, thoracic and lumbosacral myofascial pain . . . treated chronically by" another physician from 1987 through 1994. *Id.* at 311. That Claimant received treatment for back pain until 1994 fails to demonstrate the

existence of debilitating back pain during the relevant period.[6] Thus, neither document cited by Plaintiff in support of his claim of disabling back pain undermines the ALJ's credibility analysis in that regard.

Although the ALJ did not discuss Claimant's pulmonary condition in the credibility analysis, earlier in the Decision he acknowledged "VAMC records indicate that the claimant has a severe pulmonary obstruction[.]" *Id.* at 12. He observed the condition "appears to be adequately controlled as long as [Plaintiff] takes his medication as prescribed" and noted "claimant has never been hospitalized for asthma or shortness of breath and no work-related limitations have been advised as a result of this condition." *Id.*

Plaintiff relies on a pulmonary function study diagnosing "[m]oderate to severe obstructive ventilatory dysfunction." *Id.* at 344. Yet, he offers no indication as to how this diagnosis, nor the inclusion of chronic obstructive pulmonary disease on a problem list, *see id.* at 420, demonstrate error on the part of the ALJ. The judge accepted the existence of a pulmonary condition, but considered the problem adequately controlled by medication--an observation supported by substantial evidence in the record. *See, e.g., id.* at 494 (oral steroids for asthma control not necessary

---

[6] Dr. Puente-Guzman also notes Claimant's condition was "[g]rossly unchanged compared to prior visit[,]" *id.*, which was apparently in July 2001. *See id.* at 314-15. The report from that visit specifically opines Mr. King could continue working "full time [with] light duty restrictions." *Id.* at 315.

since starting Advair), 513 (indicating a "substantial response to inhaled bronchodilators"), 514 (Claimant's asthma stable while taking Advair but he forgets to use it several times per week), 521 ("significant response to bronchodilators"), 533 (same), 561 ("asthma; basically stable with the inhalers"), 584 ("asthma; controlled on inhalers"); *see also id.* at 67 (Plaintiff stating at administrative hearing that prescribed asthma medications are helpful). The judge found Plaintiff suffered from asthma and that, while a severe impairment resulting in certain limitations, *see id.* at 37 (Finding 6), it was not disabling.  The cited documents do not establish the ALJ erred in his evaluation of Claimant's respiratory condition.[7]

---

[7] It must be remembered the Court's role is not to evaluate anew the evidence of record and determine whether it would have found a claimant disabled. Rather, as appropriate with regard to the particular arguments advanced, it determines whether legal error or insufficiently substantiated factual findings require reversal.

## IV. Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of March, 2007.

                                        /s/           Howard T. Snyder
                                       HOWARD T. SNYDER
                                       UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
     and pro se parties, if any